IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| George Robinson, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 14-6006-CV-SJ-FJG |
| Walmart Stores East, LP, | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court are (1) Defendant's Motion in Limine (Doc. No. 85); and (2) Plaintiff's Motions in Limine (Doc. No. 88). The Court rules as follows:

**I.  DEFENDANT'S MOTION IN LIMINE (DOC. No. 85)**

Defendant seeks an Order in limine prohibiting plaintiff, his witnesses, or his counsel from mentioning or presenting in testimony or statements in the presence of the jury, evidence of the following, pursuant to F.R.E. 401 (relevance) and 403 (probative value substantially outweighed by danger of unfair prejudice or unfair and harmful surprise, as well as confusion of issues, misleading the jury, undue delay, or presentation of cumulative evidence):

**A.  Walmart's financial condition, financial history, size or general corporate structure**

Defendant states its financial condition is not relevant, as plaintiff does not have a claim for punitive damages (only for negligence), and the sole purpose for injecting such information would be to prejudice Walmart (making the evidence inadmissible under FRE 403).

Plaintiff does not oppose, as long as prohibition is applied to both parties.

**Ruling: SUSTAINED.**

**B.  Walmart's liability insurance**

Defendant notes that under Missouri law, reference to liability insurance is inadmissible, Noel v. Roberts, 449 S.W.2d 572, 574 (Mo. 1978), and therefore should be excluded.

Plaintiff indicates he does not intend to make reference to Walmart having liability insurance; similarly, plaintiff states Walmart should not introduce evidence or make reference to workers compensation insurance.

**Ruling: SUSTAINED.**

### C. Evidence and witnesses not revealed during discovery

Defendant indicates that evidence or witnesses not revealed in discovery should not be allowed, as such evidence would constitute unfair surprise and would result in prejudice. Defendant notes that plaintiff's proposed exhibits 41, 42, 43, 45, 46, 47, and 48 on its original Exhibit List (Doc. No. 67) were not disclosed during discovery.

Plaintiff does not oppose, as long as prohibition applies to both parties. Plaintiff withdraws proposed exhibits 41, 42, 43, 46, 47, and 48.

**Ruling: SUSTAINED. If the parties wish to use any material not disclosed during discovery (including plaintiff's exhibit 45, listed above but not withdrawn), they must make a showing prior to trial.**

### D. Experts and Experts' Testimony not properly identified pursuant to Rule 26

Defendant indicates that under the Federal Rules, expert reports are required to contain a complete statement of all opinions to be expressed and the factual basis therefore (FRCP 26(a)(2)(B)), and failure to comply with those requirements can result in the Court precluding the use of that witness at trial. FRCP 37(c). Further, under 8th Circuit precedent, an expert is not allowed to opine on matters not specifically contained in his or her report. See Dairy Farmers of America, Inc. v. Travelers Ins. Co., 391 F.3d 936, 943-44 (8th Cir. 2004).

Plaintiff does not oppose, as long as prohibition is applied to both parties.

**Ruling: SUSTAINED.**

### E. Any medical record/billing not properly disclosed during discovery

Defendant argues that plaintiff must have properly disclosed his medical records and bills during discovery for them to be admissible.

Plaintiff does not oppose, as long as prohibition is applied to both parties.

**Ruling: SUSTAINED.**

### F. Evidence of Walmart's policies, procedures, and training

Walmart indicates that plaintiff obtained documents in discovery related to Walmart's policies and procedures; Walmart indicates it anticipates that plaintiff will attempt to introduce store policies or documents to show that Walmart did not follow its procedures. Walmart says these documents are not relevant to plaintiff's claim, and

2

Case 5:14-cv-06006-FJG   Document 101   Filed 08/17/15   Page 2 of 10

should be excluded (arguing that the law, rather than Walmart's policies, should set the negligence standard). Additionally, Walmart argues that these documents risk confusing and misleading the jury, as well as wasting the Court's time and creating undue prejudice n this matter.

In response, plaintiff states that he does not intend to introduce policies or procedures to prove that a Walmart employee closing an overhead door on plaintiff's head constitutes negligence; instead, plaintiff indicates that there is evidence that Walmart had a video camera recording the area outside the door used by plaintiff, and Walmart had a policy to retain video footage from all the videos of the accident scene. Plaintiff states he repeatedly requested that Walmart produce the footage from this video, but Walmart claims it does not exist. Plaintiff states that defendant's failure to follow its policies regarding investigating and retaining evidence following plaintiff's injury goes directly to the reliability of that evidence and the credibility and accuracy of testimony by Walmart employees.

**Ruling: PROVISIONALLY SUSTAINED. If plaintiff can explain the delay in filing this lawsuit and seeking video evidence, plaintiff may be allowed to submit evidence of Walmart's policies. From the filings made to-date, the Court cannot determine the specifics of Walmart's retention policy.**

G. References to other claims or lawsuits involving Walmart

Defendant argues that evidence of other lawsuit is not relevant or probative of any fact or legal issue in this case, and it is improper to admit evidence of prior lawsuits against Walmart absent evidence that the facts of the prior litigation are relevant. See Overfield v. Sharp, 668 S.W.2d 220, 223 (Mo. App. 1984). See also Pierce v. Platte-Clay Elec. Co-Op, Inc., 769 S.W.2d 769, 774 (Mo. banc 1989) (finding evidence of other lawsuits inadmissible unless plaintiff shows they involve facts and occurrences substantially similar to those in the instant case). Defendant also argues such evidence is inadmissible hearsay. See Johnson v. Ford Motor Co., 988 F.2d 573, 579 (5th Cir. 1993). Defendant also indicates such evidence could "raise extraneous controversial points, lead to a confusion of issues, and present undue prejudice disproportionate to its usefulness." Drabik v. Stanley-Bostitch, Inc., 997 F.2d 496, 503, 508 (8th Cir. 1993).

Plaintiff does not intend to introduce evidence of other claims, incidents or lawsuits against Walmart involving persons being struck by an overhead door unless Walmart attempts to introduce testimony that no other persons have been struck by a closing DSD-type door.

**Ruling: SUSTAINED.**

H. Prior settlement negotiations with Walmart or Claims Management, Inc.

Defendant indicates it is well settled that settlement offers are not admissible at subsequent trial. Harmon v. Hamilton, 903 S.W.2d 610, 615 (Mo. App. 1995).

3

Plaintiff does not oppose, as long as prohibition is applied to both parties.

**Ruling: SUSTAINED.**

**II.   PLAINTIFF'S MOTIONS IN LIMINE (Doc. No. 88)**

Plaintiff seeks an order prohibiting opposing counsel, as well as all witnesses called on behalf of defendants, from mentioning the following matters in the presence of the jury, whether at trial or voir dire, directly or indirectly:

**A.   Asking questions of soliciting comments regarding the character of any potential witness from any member of the jury panel during voir dire.**

Plaintiff notes that in a past case involving the same defendant, witness Lawrence Scheffe also appeared as a witness. See Rodrick V. Wal-Mart Stores East, L.P., 666 F.3d 1093 (2012). During voir dire in Rodrick, a potential juror spoke of Mr. Scheffe's good character, and counsel for Wal-Mart then made reference to these statements during closing arguments. Plaintiff in Rodrick objected, and the District Court was required to give a curative instruction. The Eighth Circuit affirmed on appeal, noting that the comment was improper, but finding that the curative instruction removed prejudice. See id., 666 F.3d at 1099.

Defendant does not oppose, as long as prohibition is applied to both parties, and so long as plaintiff is not suggesting that defendant should not inquire at voir dire of the potential jury panel's knowledge or familiarity with certain witnesses.

**Ruling: SUSTAINED.**

**B.   Plaintiff's marital status at the time of his injury.**

Plaintiff states that due to "misunderstanding", there is some question as to whether plaintiff's divorce from his first wife had been finalized when plaintiff married his current wife. Plaintiff argues that this issue has no relevance or probative value in this matter, but carries a high risk of unfair prejudice toward plaintiff. FRE 403.

Defendant first argues that plaintiff has failed to assert any prejudice from offering this evidence, and this alone compels the conclusion that the evidence be allowed before the jury, particularly where it has any tendency to make a fact of consequence more or less probable. Defendant also argues that plaintiff's statements regarding his marital status go toward his credibility.

In reply, plaintiff indicates that his marital status has no bearing on the primary issues in this case which are (1) whether plaintiff was struck on the head by the DSD door on 12/4/2008; (2) whether defendant's employee was negligent in his operation of the door that day; and (3) the nature and extent of plaintiff's injuries and damages. Plaintiff

4

argues that FRE 608(b) governing evidence of character for truthfulness is subject to the dictates of FRE 403, requiring balancing of the probative value of the proffered evidence against the likelihood of unfair prejudice. Plaintiff argues that admitting evidence of marital status will cause mini-trials of a collateral issue (as to whether plaintiff believed his ex-wife had filed and finalized divorce papers prior to plaintiff marrying his current wife).

**Ruling: SUSTAINED.**

### C. Unrelated prior injuries.

Plaintiff states he has provided defense counsel with information regarding prior workers compensation claims, settlements, or claims for injuries that are unrelated medically to the injuries plaintiff complains of in the instant case. Plaintiff states that cross-examination of plaintiff on evidence of unrelated claims is inadmissible, and admitting such evidence has been found to be prejudicial error. Cantrell v. Superior Loan Corp., 603 S.W.2d 629, 640 (Mo. App. E.D. 1980), citing Cammarata v. Payton, 316 S.W.2d 474 (Mo. 1958). Plaintiff anticipates defendant will attempt to introduce such evidence to imply that plaintiff has a history of claims or that plaintiff has claimed the same injuries from multiple defendants. However, plaintiff states that injuries and conditions which are not connected with being struck on the head by the DSD door at Walmart are irrelevant and inadmissible, and not admissible to impeach a witness. Senter v. Ferguson, 486 S.W.2d 644, 647 (Mo. App. 1972).

Defendant states that this motion is too broad as stated; Walmart indicates it has no intention of raising prior unrelated injuries for purposes of suggesting a pattern exists or multiple parties are blamed. However, Walmart notes that a lost wage claim has been made, and plaintiff's work performance and record is at issue as related to damages on his lost wages claim. Defendant argues it should be permitted to cross examine plaintiff on: prior as well as subsequent work-related injuries; history of absenteeism; and work performance in general.

Plaintiff replies that the lost wage claim is for a specific period of time – from the date of the incident in December 2008 through February 9, 2009, when his treating physician released him to return to work. Plaintiff indicates that it is difficult to see the relevance of prior or subsequent work related injuries as related to his wage loss claim, as defendant does not claim that these prior or subsequent injuries were the cause of plaintiff missing work for that period. Plaintiff also argues that even if prior or subsequent injuries were relevant, under Rule 403 the relevance is far outweighed by the prejudicial impact. Plaintiff argues defendant seeks to raise these issues to show that plaintiff is litigious, which is a serious charge likely to result in undue prejudice. Plaintiff also argues that this evidence would mislead or confuse the jury.

**Ruling: SUSTAINED.**

### D. Absence of prior injuries at the DSD door.

Evidence that no other accidents or injuries occurred at the same place is not admissible to show that defendant was free from negligence on a particular occasion, or that the place was not dangerous. Blackwell v. J.J. Newberry, Co., 156 S.W.2d 14 (Mo. App. 1941). Plaintiff notes this is not a product liability or premises liability case; instead, his claim centers on whether the actions of Walmart's employee in closing the door were negligent.

Defendant argues that Blackwell does not stand for the proposition asserted by plaintiff. Instead, Blackwell states that "Evidence of the sort, when relevant, should be admitted, unless in the discretion of the Court it seems to involve a serious inconvenience by way of unfair surprise or confusion of issues." Id. at 20. Defendant states that evidence of lack of prior accidents may be admissible where an adequate foundation is laid. Carbin v. National Super Markets, Inc., 823 S.W.2d 93, 94 (Mo. App. E.D. 1991). Defendant states evidence of prior accidents may be relevant and admissible to show: (1) the nonexistence of an unduly dangerous situation; or (2) want of knowledge of or grounds to realize the danger. Id.; see also Pierce v. Platte-Clay Electric Co-op., Inc., 769 S.W.2d at 774; Luthy v. Denny's, Inc., 782 S.W.2d 661, 665-66 (Mo. App. 1989); McJunkins v.Windham Power Lifts, Inc., 767 S.W.2d 95, 97-100 (Mo. App. 1989). To lay a proper foundation, defendant must show (1) no accidents occurred under conditions substantially similar to what the plaintiff faced; and (2) that an adequate number of such similar conditions have occurred to make the absence of prior accidents meaningful. Hendson v. Board of Educ. of the Washington School Dist., 948 S.W.2d 202, 206-07 (Mo. App. E.D. 1991)); McJunkins, 767 S.W. 2d at 100. Defendant states it will easily lay a foundation because (1) plaintiff had been a vendor at this Walmart and used this door twice per week for 2-3 years prior to the alleged incident, without incident; (2) employee Walker will testify that he opened and closed the door many times in the past, and the evidence will show that Walker's use of the door on the day in question was reasonable and not negligent.

In reply, plaintiff notes that in Missouri, it has "been uniformly held in this state that evidence of no accidents or injuries occurred at a particular place other than the one in question is not admissible to show freedom from negligence on a particular occasion or that the place or appliance was safe and not dangerous." Johnson v. Kansas City Public Services, 228 S.W.2d 796, 798 (Mo. 1950). Plaintiff further notes that his claim is not that the door was defective, so there were no prior instances where someone had been hit by the DSD door because someone pulled it down on them.

**Ruling: SUSTAINED.**

### E. Workers compensation and health insurance.

Plaintiff argues that the collateral source rule prohibits evidence of payments received from workers compensation or health insurance. Hannah v. Haskins, 612 F.2d 373, 375 (8th Cir. 1980); Hager v. Wright Tire & Appliance, Inc., 33 S.W.3d 605, 608 (Mo. App. W.D. 2000); Banks v. Village Enterprises, Inc., 32 S.W.3d 780 (Mo. App. W.D.

6

2000). Plaintiff also notes that the workers' compensation carrier has a right of subrogration under R.S. Mo. § 287.150, and so if defendant is allowed to comment on payment of these bills by the workers comp carrier, plaintiff should be allowed to explain the concept of subrogation (and, plaintiff argues that trial would then be focused on these collateral issues.).

Defendant opposes the motion as stated; although defendant does not oppose the preclusion of references to insurance and insurance payments (including worker's compensation claims and payments), defendant argues it must be allowed to put on evidence that plaintiff was injured while making deliveries for his employer while he was working. Further defendant argues that if plaintiff opens the door, defendant should be allowed to cross examine plaintiff on workers compensation.

**Ruling: SUSTAINED.**

### F. Any suggestion that a verdict against Walmart might cause prices at Walmart to rise.

Plaintiff states any suggestion that prices might rise would have no basis in fact, would be misleading, is irrelevant, and would clearly result in unfair prejudice to plaintiff. FRE 403.

Defendant does not oppose.

**Ruling: SUSTAINED.**

### G. Publishing of any exhibit without redaction of personal identifying information of plaintiff's wife, ex-wife, or minor children.

Plaintiff notes that defendant subpoenaed and received plaintiff's employment records, which contain personal identifying information for plaintiff's wife, ex-wife, and minor children. Plaintiff requests this information be redacted prior to being introduced or admitted as an exhibit. FRCP 5.2.

Defendant does not oppose.

**Ruling: SUSTAINED.**

### H. Failure to call a witness.

Plaintiff argues that he was seen by a number of medical providers who treated his head injury, and he does not intend to call each and every such medical provider. Instead, he intends to call only the key medical treaters and experts who are familiar with the totality of his treatment, testing, and care. Plaintiff states that while it is permissible under certain circumstances to comment on failure to call a witness, the defendant would need to demonstrate that it was a key witness that was important to the case and possesses relevant information. See Boardman v. National Medical Enterprises, 106

7

F.3d 840 (8th Cir. (Mo.) 1997).

Defendant indicates it does not oppose this motion, to the extent plaintiff calls "key and relevant" witnesses to meet and satisfy his burden of proof (such as the medical doctors who evaluated his injuries, conducted objective testing, prescribed treatments, etc.). If, on the other hand, plaintiff relies only on retained experts to present his alleged damages, or fails to call a key and relevant witness, defendant should be allowed to comment on the failure. See Boardman, 106 F.3d 840.

**Ruling: PROVISIONALLY SUSTAINED. If plaintiff relies only on retained experts to present his damages, or fails to call a key and relevant witness, defendant will be allowed to comment on that failure.**

### I. Retention of attorney/prior claims handled by Plaintiff's counsel.

Plaintiff argues that defendant should be prohibited from making reference to when plaintiff hired legal counsel or when plaintiff first contemplated a lawsuit, as such evidence is reversible error. Kramer v. Lai, 783 S.W.2d 925 (Mo. App. W.D. 1989).

Defendant does not oppose.

**Ruling: SUSTAINED.**

### J. Recovery not subject to taxation

Plaintiff states that instructing a jury that if any award should be made to plaintiff it would not be subject to state or federal income taxes constituted prejudicial error which may have tended to influence the amount of verdict. Senter v. Ferguson, 486 S.W.2d 644 (Mo. App. 1972).

Defendant does not oppose.

**Ruling: SUSTAINED.**

### K. Declarations of sympathy for Plaintiff

Plaintiff argues that defendant should be prohibited from making declarations that defendant or counsel feel sympathy for plaintiff, as such requests for sympathy are inappropriate. Morrissey v. Welsh Co., 821 F.2d 1294 (8th Cir. (Mo.) 1987). Plaintiff argues that a statement by defendant or counsel that it feels sympathy for plaintiff, which is typically followed by a statement that it was not defendant's fault, is nothing more than an attempt to win favor with the jury.

Defendant opposes this motion as overreaching. The case cited by plaintiff, Morrissey, 821 F.2d 1294, dealt with the plaintiff's counsel's inappropriate solicitation of sympathy for the benefit of plaintiff, and the Eighth Circuit found that behavior unacceptable. Id. at 1304. The Eighth Circuit reversed and remanded for a new trial on

damages, as such statements undermined confidence in the damages verdict. Id. at 27. Here, if you granted plaintiff's motion in limine, it would prevent defendant from saying, "Defendant may feel sympathy for plaintiff, but it nonetheless does not think it is at fault." Defendant says it is offensive to common sense to think that this is an attempt to win favor with the jury.

**Ruling: OVERRULED.**

### L. Financial incentive.

Defendants should be prohibited from making argument or statements regarding the financial circumstances of plaintiff (such as plaintiff is attempting to "strike it rich" or "win the lottery"). Remarks intended to arouse, incite, or prejudice the jury"), not made within the scope of legitimate argument, are improper. DeLaporte v. Robey Bldg. Supply, Inc., 812 S.W.2d 526, 537 (Mo. App. E.D. 1991).

Defendant opposes this motion as stated, as it is too broad and lacks specificity to allow the Court to rule. Defendant states that, as it understands it, "it appears Plaintiff is seeking to preclude Defendant from presenting evidence that Plaintiff should not have brought this lawsuit. While Defendant does not intend to directly question Plaintiff regarding his decision to utilize the judicial system, it goes without saying that the Defendant intends to show that Plaintiff's claims lack merit. Thus, in a sense, Defendant intends to indirectly criticize Plaintiff's decision to see the incident at Walmart as an opportunity to bring this action." Doc. No. 97, p. 8. Defendant indicates that infringing on its rights to point out that plaintiff's claims lack merit violates defendant's rights to due process under the law.

**Ruling: OVERRULED.**

### M. Speculative accounts of how plaintiff's injury was sustained.

Plaintiff argues that the parties contest where the Walmart DSD door struck plaintiff – on his head, as argued by plaintiff, or on his shoulder/back, as argued by defendant. Plaintiff argues that two witnesses listed by defendant, Jannette Neal and David Walker (both Walmart employees) testified during deposition that they did not see the DSD door strike plaintiff on the date in question (Neal Depo, 15:20 – 16:4, Neal's knowledge is based on her reviewing the video of plaintiff being struck; and Walker Depo, 32:3-8, who testified he did not see the door strike plaintiff and he has never watched the video). Plaintiff states that testimony by Mr. Walker indicating he knows where the door struck plaintiff would be pure speculation. Plaintiff also argues that the video speaks for itself, and any interpretation of the video by the Walmart witnesses is without foundation and invades the province of the jury. FRE 602, 701 (testimony in form of lay opinions must be rationally based on the perception of the witness, U.S. v. Peoples, 250 F.3d 630, 641 (8th Cir. (Mo.) 2001)).

Defendant argues that plaintiff's motion is an attempt to prevent defendant's witnesses from testifying as to what they saw or observed on the day of the incident.

9

Defendant argues that plaintiff has cited no authority for the proposition that defendant cannot put on evidence contradicting plaintiff's versions of events. Additionally, defendant argues that plaintiff misquotes Dave Walker's testimony, which instead shows that Mr. Walker saw what happened, and the door did not hit plaintiff in the head. Depo., Exh. A to Doc. No. 97, 45:19-23. Moreover, there is video evidence, and defendant asserts that plaintiff's conduct as seen in the video does not support his claim he was hit in the head. Therefore, defendant argues that testimony or evidence showing that the door did not hit plaintiff in the head is not speculative.

**Ruling: OVERRULED.**

### N. Whether plaintiff ever served in the military.

Plaintiff argues that one of his health care providers wrote that plaintiff stated he was in the military, and this health care provider is not listed as a witness by either party. Plaintiff denies making this claim, and believes that the entry was made in error. Plaintiff argues that a witness may not be cross-examined as to a distinct collateral fact for the purposes of impeaching his testimony by contradicting him. Senter v. Ferguson, 486 S.W.2d 644, 647-48 (Mo. App. 1972).

Defendant opposes this motion in limine, indicating that misrepresentations as to military service go towards plaintiff's credibility. Defendant recognizes that evidence of a person's character is generally not admissible under Rule 404(a), but the credibility of a witness may be attacked by any party under FRE 607. Additionally, specific instances of conduct if probative of truthfulness may be inquired into on cross-examination of plaintiff or other witnesses giving opinions about plaintiff's character for truthfulness (FRE 608(b)).

Plaintiff replies that defendant simply seeks to embarrass plaintiff and mislead the jury. Plaintiff asserts that any possible relevancy as to whether plaintiff claimed he served in the military is far outweighed by the prejudicial impact from the implication that defendant will argue that plaintiff made false claims about military service.

**Ruling: PROVISIONALLY SUSTAINED, unless plaintiff puts the issue into evidence.**

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: August 17, 2015
Kansas City, Missouri